**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLENE M. MCINTOSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1298-F |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Charlene M. McIntosh seeks judicial review of the final decision by the Defendant Commissioner denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. *See* 42 U.S.C. § 405(g). The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record ("AR"). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**I.    Procedural History**

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits alleging an inability to work since January 2003, based on high blood pressure, obesity, and asthma. AR 63, 232-234. Plaintiff's applications were denied initially and on reconsideration. AR 25-26, 235, 239. Subsequently, a hearing was held

before an Administrative Law Judge (ALJ), and after consideration of the evidence, the ALJ found that Plaintiff was not disabled. AR 15-23. The Appeals Council denied Plaintiff's request for review. AR 6-9, 10. Therefore, the decision of the ALJ is the final decision of the Commissioner.

## II.     The ALJ's Disability Determination

The ALJ followed the sequential evaluation process required by 20 C.F.R. §§ 404.1520, 416.920 and first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 16. At step two, the ALJ determined that Plaintiff has severe impairments: congestive heart disease and hypertension. AR 17, 22. At step three, the ALJ found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19, 22. At step four, the ALJ determined Plaintiff retains the residual functional capacity (RFC) to perform a significant range of sedentary jobs. AR 21, 22. The ALJ further found that Plaintiff could not perform her past relevant work of housekeeper, nursing assistant, and recreation facility. AR 21, 22. Based on the testimony of the VE, however, the ALJ determined, at step five of the sequential evaluation process, that Plaintiff could perform a significant number of jobs that exist in the national economy and that therefore Plaintiff is not disabled. AR 21, 22.

### III. Plaintiff's Claims Raised on Appeal

Plaintiff raises three claims on appeal: (1) that the Appeals Council erred in its consideration of new and material evidence submitted after the ALJ's decision; (2) that the Appeals Council failed to follow the treating source/physician rule with regard to Dr. Niraj Prasad's opinions concerning Plaintiff's ability to work; and (3) that the ALJ's decision is not supported by substantial evidence in the record as a whole, specifically challenging the ALJ's credibility findings with respect to Plaintiff's allegations of pain.

### IV. Standard of Review

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* 331 F.3d at 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the Commissioner followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but the court does not reweigh

the evidence or substitute its own judgment for the Commissioner's. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

## V.    Analysis

In Plaintiff's administrative appeal of the ALJ's decision, the Appeals Council denied Plaintiff's request for review, finding "no reason under our rules to review the Administrative Law Judge's decision." AR 6. When the Appeals Council denies review, the Social Security Regulations provide that the ALJ's decision is the final decision for review by a district court:

> § 404.981.  Effect of Appeals Council's decision or denial or review.
>
> The Appeals Council **may deny a party's request for review or it may decide to review a case and make a decision.** The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless [the claimant or another party] file[s] an action in Federal district court . . .

20 C.F.R. § 404.981 (emphasis added). Because the Appeals Council denied Plaintiff's request for review of the ALJ's decision, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. *See also Doyal v. Barnhart*, 333 F.3d at 759.

### A.    Appeals Council's Consideration of New Evidence

The administrative record reveals that the Appeals Council received new evidence relating to Plaintiff's application for benefits. AR 10. The new evidence was a Cardiac Residual Functional Capacity Questionnaire completed by Plaintiff's treating cardiologist, Dr. Niraj Prasad, and dated July 6, 2004, some two months after the ALJ issued his

unfavorable decision on May 10, 2004.  In denying review of the ALJ's decision, the Appeals Council considered the new evidence, but found that the evidence did not provide a basis for changing the ALJ's decision:

> The Administrative Law Judge considered the medical records of Dr. Prasad and concluded that you could do sedentary work.  The Appeals Council concurs with the Administrative Law Judge's findings.  In addition, Dr. Prasad's residual functional capacity of less than sedentary work is not supported by the record.

AR 7.

Plaintiff contends that the Appeals Council erroneously "makes a conclusion with regard to Dr. Prasad's RFC, without explanation" and does "not elaborate or explain its reasons for discounting the opinion of Dr. Prasad."  Plaintiff's Opening Brief [Doc. #15] at 7.

In support of her challenges to the order of the Appeals Council denying her request for review, Plaintiff cites an unpublished Tenth Circuit case which reversed and remanded a social security case based on the fact that the Appeals Council "clearly did not give the 'specific, legitimate reasons' necessary to justify rejection of a treating physician's opinion[.]"  *Aragon v. Apfel*,  No. 98-2097, 1998 WL 889400, at *3 (10th Cir. 1998) (unpublished op.)$^1$ (*quoting Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996).

---

$^1$Pursuant to Tenth Circuit Rule 36.3, unpublished opinions have no precedential value and may be cited only for their persuasive value.  For this reason, *Aragon* does not control the outcome of the issue before this Court.

For several reasons, *Aragon* is not persuasive authority on this point.  First, the published case cited by *Aragon* does not involve a challenge to an order of the Appeals Council denying review.  *Miller* simply restates the well-established principle that it is error for an ALJ "[t]o reject a treating physician's opinion" without 'specific, legitimate reasons[.]'"  *Miller* at 976 (*quoting Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)).

Second, in a recent published case, the Tenth Circuit examined the Appeals Council's responsibility when presented with new evidence and made no mention of a requirement to provide specific legitimate reasons for discounting the new evidence.  *See Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (*quoting  Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995)).  In *Chambers*, the Tenth Circuit summarized the relevant principles governing the Appeals Council's handling of new evidence pursuant to 20 C.F.R. § 404.970(b).  First, if the evidence submitted to the Appeals Council with a request for review qualifies as new, material and chronologically relevant, it must be considered by the Appeals Council.  Second, if the evidence qualifies for consideration and the Appeals council considers it – "regardless of whether review was ultimately denied" – the new evidence becomes part of the record reviewed by the court in determining whether the ALJ's decision is supported by substantial evidence.  Third, if the evidence qualifies but the Appeals Council failed to consider it, the case must be remanded for further proceedings.  *Id.* at 1142.

In this case, the Appeals Council implicitly found Dr. Prasad's Cardiac Residual Functional Capacity Questionnaire to be new, material and chronologically relevant because

it stated that it had considered the evidence in determining whether to grant Plaintiff's request for review of the ALJ's decision. *See Bolton v. Barnhart*, No. 04-5014, 2004 WL 2677695 (10th Cir. Nov. 24, 2004) (unpublished op.)[2] (where Appeals Council stated that it had considered new evidence, it had necessarily determined, as a threshold matter, that the additional medical evidence was new, material and chronologically related).[3] Additionally, the new evidence was made part of the record. *See* AR 249-254. Finally, the Appeals Council did consider the evidence, but ultimately found it did not provide a basis for changing the ALJ's decision. Therefore, the Appeals Council concluded that review of the ALJ's decision was not warranted.[4]

Recently, the Tenth Circuit rejected an argument similar to Plaintiff's in an unpublished decision. *See Foy v. Barnhart*, No. 04-7103, 2005 WL 1526103 (10th Cir. June 29, 2005) (unpublished op.).[5] In *Foy*, the plaintiff argued that "the Appeals Council should have *discussed* the effect of the new evidence on the ALJ's previous decision in light of the

---

[2]This unpublished decision is cited for its persuasive authority in accordance with 10th Cir. R. 36.3(B).

[3]In this case, neither party challenges the implicit determination that the new evidence qualifies for consideration. Therefore, although the issue of whether evidence qualifies as new, material and chronologically relevant is a question of law subject to the Court's *de novo* review, *Threet v. Barnhart*, 353 F.3d at 1191, the issue has not been separately addressed.

[4]The Appeals Council even stated its reason for discounting the new evidence. It found Dr. Prasad's RFC was not supported by the record. AR 7.

[5]This unpublished decision is cited for its persuasive authority in accordance with 10th Cir. R. 36.3(B).

record as a whole." *Id.* at*3 (emphasis in original). The Tenth Circuit rejected imposing such a requirement:

> While a detailed analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, appellant points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Council denies review. We therefore reject [the petitioner's] contention that the Appeals Council provided insufficient discussion of the new and material evidence.

*Id.* at *3. *See also Hackett*, 395 F.3d at 1172-1173 (rejecting plaintiff's argument that Appeals Council's treatment of new evidence was "perfunctory" and finding that it would take Appeals Council at its word in stating it had considered the additional evidence submitted). Plaintiff has failed to establish legal error based upon the Appeals Council's lack of detailed discussion of the new evidence. The Appeals Council's denial of Plaintiff's request for review expressly declares that the new evidence was considered, and that declaration is sufficient to establish compliance with the governing regulations.[6]

### B.     Treating Physician Rule

Plaintiff's contention that the Appeals Council committed legal error by not following the treating physician rule is also without merit. Plaintiff cites two cases, *Drapeau v. Massanari*, 255 F.3d 1211, 1213-1214 (10th Cir. 2001) and *Goatcher v. United States Dep't of Health and Human Servs.*, 52 F.3d 288, 296 (10th Cir. 1995), both of which state that an

---

[6]At least one district judge in this judicial district has reached a similar conclusion. *See Baldwin v. Halter*, Case No. CIV-99-1175-C, slip op. (W.D. Okla. April 24, 2001) (Cauthron, J.) (Appeals Council, in denying request for review, need not explain its reasons for discounting new material evidence submitted by the plaintiff after the ALJ's decision).

ALJ's failure to supply specific legitimate reasons for rejecting a treating physician's opinion constitutes legal error. Without citation, Plaintiff contends that the "same standard is likewise applicable to the Appeals Council." Petitioner's Opening Brief at 8. In neither of the cited cases, however, does the Court apply the treating physician rule to a denial of request for review by the Appeals Council.

The treating physician rule, as formulated by the Tenth Circuit, derives from 20 C.F.R. § 404.1527(d) which governs the analysis of medical opinions. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) ("Under the regulations, the agency rulings, and our case law, an ALJ must 'give good reasons in [the] notice of determination or decision' for the weight assigned to a treating physician's opinion.") (*citing* 20 C.F.R. § 404.1527(d)(2)). The regulation states: "[w]e will always give good reasons *in our notice of determination or decision* for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2) (emphasis added). In addition, section 404.1527(f)(3) provides: "[w]hen the Appeals Council makes a *decision*, it will follow the same rules for considering opinion evidence as administrative law judges follow." *Id*. (emphasis added).

A review of published Tenth Circuit case law reveals that no published Tenth Circuit case addresses whether the treating physician rule applies to the Appeals Council's denial of a request for review. In published cases, the Tenth Circuit has applied the treating physician rule only to Appeals Council *decisions*, as opposed to denials of requests for review. *See, e.g., Sorenson v. Bowen*, 888 F.2d 706, 711-712 (10th Cir. 1989); *Reyes v.*

*Bowen*, 845 F.2d 242, 244-245 (10th Cir. 1988).[7]   Here, the Commissioner's final decision is the decision crafted by the ALJ, not the Appeals Council's order denying review.  The Social Security Regulations support the contention that application of the treating physician rule applies only to decisions of the Appeals Council when review of the ALJ's decision has been granted:

> When the Appeals Council makes a **decision**, it will follow the same rules for considering opinion evidence as administrative law judges follow.

20 C.F.R. § 404.1527(f)(3) (emphasis added).  Here, the Appeals Council declined to review the decision of the ALJ and therefore had no duty under the governing regulations to apply the treating physician rule to the new evidence submitted by Plaintiff.

Accordingly, Plaintiff's assertion of legal error is without merit.

### C.     Whether the ALJ's Decision is Supported by Substantial Evidence

Plaintiff also contends that the decision of the ALJ is not supported by substantial evidence. Specifically, Plaintiff challenges the ALJ's finding that her allegations of disabling pain are not wholly credible.  Plaintiff asserts that the ALJ's credibility findings are based on his having erroneously stated that she had not undergone a heart catheterization, that she was an active person, and that she does not take her blood pressure medication as instructed. The ALJ's credibility assessment necessarily impacted his decision regarding Plaintiff's residual functional capacity.  Therefore, the ALJ's incorrect conclusions require remand.

---

[7] As discussed above, the one unpublished Tenth Circuit case to the contrary, *Aragon v. Apfel*, is not persuasive authority that the treating physician rule applies to Appeals Council's denial of review.

"'Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.'" *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (*quoting Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)).  However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical).

The standard for reviewing allegations of disabling pain is well established.  Pursuant to *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987), the administrative law judge must consider (1) whether Plaintiff has established a pain-producing impairment by objective medical evidence; (2) if so, whether there is at least a "loose nexus" between the impairment and Plaintiff's subjective allegations of pain; and (3) if so, whether, considering all of the evidence, both objective and subjective, Plaintiff's pain is in fact disabling.  Pursuant to Social Security Ruling 96-7p, "[w]hen the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities."  Social Security Ruling 96-7p.

In this case, the ALJ misconstrued or ignored the record in several respects and then relied on the misconstrued evidence to support his credibility finding. First, in rejecting Plaintiff's statements with regard to her alleged pain as not altogether credible, the ALJ partially relied on his finding that Plaintiff "has not had heart surgery, catheterization, or any heart attacks." AR 20. The record reveals, however, that Plaintiff has undergone a heart catheterization procedure, and the results of that test showed a need for aggressive medical treatment for Plaintiff's recurrent chest pain and congestive heart failure. AR 222-223. Although she may not have suffered an actual heart attack, the symptoms she has consistently reported to her doctors are symptoms associated with heart attack including sharp, stabbing chest pain and shortness of breath. *See, e.g.* AR 130, 162, 165, 210, 213, 215, and 227. Additionally, a stress test was "mildly positive for provocable ischemia." AR 185.

Plaintiff also has consistently complained of headache and dizziness associated with her high blood pressure. *See, e.g.,* AR 130, 144, 146, 150, 193, and 206. In evaluating Plaintiff's credibility with regard to pain and dizziness caused by high blood pressure, the ALJ stated, "When [Plaintiff] is reliable in taking her medications for hypertension her blood pressure stays down. When she does not take the medications, her blood pressure goes high." AR 20. This pronouncement is not supported by any evidence in the record. It appears that the ALJ simply misread a medical record dated February 2, 2004. The ALJ's summation of this record is as follows:

> On February 2, 2004, Dr. Prasad sated [sic] the claimant complains of exertional fatigue and occasional dizziness. However, *she does not take her blood pressure medication as instructed*.

AR 19 (emphasis added). In fact, however, Dr. Prasad wrote in the report:

> Symptomatically she complains of exertional fatigue and occasional dizziness. *She has not been taking her blood pressure regularly* and states her blood pressure recordings have improved.

AR 206 (emphasis added). Dr. Prasad's statement, on its face, refers to whether Plaintiff had been measuring her blood pressure, not to whether Plaintiff had been taking her blood pressure medication.[8]

Finally, the ALJ states that he "listened to the [Plaintiff's] testimony regarding her daily activities and lifestyle," *see* AR 20, but the list of daily activities he thereafter recites is taken from an early application. The ALJ does not state why he did not specifically address Plaintiff's testimony at the administrative hearing. At the hearing, Plaintiff testified that by the time she moved from her apartment to the rescue mission she could no longer make her bed, sweep her floors, or complete washing the dishes. She stated that she would become short of breath when attempting these activities. Moreover she stated that she lost her job because she was too "sickly" to attend work regularly. AR 267. In short, Plaintiff's

---

[8]The statement, however, is confusing. One might question how Plaintiff knew her blood pressure recordings had improved if she had not been monitoring it. At any rate, the statement cannot be used as evidence that Plaintiff was not compliant in taking her medication. Later in the same treatment note, Dr. Prasad notes that "[Plaintiff] states she has been taking her medications regularly." AR 206. None of the records relied upon by the ALJ (Exhibit 9F, AR 203-231) state that Plaintiff had not been reliable in taking her medication. In fact, references to the necessity of adjusting medication could lead to a conclusion that Plaintiff was taking her medication, but that from time to time it simply did not work. *See* AR 210, 228.

13

testimony directly contradicts the ALJ's finding that her activities of daily living show that she can do "house work, dishes, [cooking], laundry, and [shopping for groceries]." AR 18.

Because the ALJ's credibility findings with respect to Plaintiff's allegations of pain are not supported by substantial evidence, this case should be reversed and remanded for further proceedings.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation. Although Plaintiff's assertions of legal error are without merit, the decision of the ALJ with regard to Plaintiff's allegations of pain is not supported by substantial evidence in the record.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by August 17th, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __28th__ day of July, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE